[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 04, 2011
JOHN LEY
CLERK

No. 10-12189
Non-Argument Calendar

_____

Agency No. A098-560-092

FENG GUI ZHENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 4, 2011)

Before HULL, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Feng Gui Zheng, a native and citizen of China, petitions for review of the Board of Immigration Appeals's ("BIA") decision denying her motion for reconsideration and her second motion to reopen, filed pursuant to 8 C.F.R. § 1003.2(b) and (c); Immigration and Nationality Act ("INA") § 240(c)(6) and (7), 8 U.S.C. § 1229a(c)(6) and (7). Zheng originally applied for asylum based on political opinion, but her application was denied, and the BIA dismissed her appeal. She then moved the BIA to reopen proceedings based on her adoption of Falun Gong. On October 14, 2009, the BIA denied this motion, concluding Zheng failed to establish changed country conditions and, thus, her filing was untimely. She did not petition this Court to review that decision.

Zheng did, however, move the BIA to reconsider its decision and to reopen proceedings. She relied primarily on articles about China targeting Falun Gong practitioners abroad and a notice her parents received from Chinese authorities reporting Zheng's activities within the United States and demanding that Zheng stop practicing Falun Gong and return to China to accept punishment. The BIA denied the motions, and Zheng timely petitioned this Court for review.

Zheng contends that the BIA erroneously denied her motion for reconsideration because she had shown an error of fact or law in its previous conclusion that she failed to establish changed country conditions to excuse the

2

untimeliness of her first motion to reopen. With respect to her second motion to reopen, Zheng argues that she submitted evidence to the BIA that sufficiently established changed country conditions and that the motion was, therefore, exempt from the timely filing requirements.

"'We review the BIA's denial of a motion to reconsider for abuse of discretion.'" *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007) (quoting *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003)). We also review the BIA's denial of a motion to reopen for abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). Thus, our review is limited to determining whether the BIA's exercise of discretion was arbitrary or capricious. *Id.*

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); *see also* INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). "[M]erely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." *Calle*, 504 F.3d at 1329 (quoting 8 C.F.R. § 1003.2(b)(1)).

"A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1); *see also* INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B). A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened . . . ." 8 C.F.R. § 1003.2(c)(2); *see also* INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i). However, the 90-day time limitation does not apply to a motion to reopen based upon "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii).

As an initial matter, we lack jurisdiction to review the BIA's October 14, 2009 decision denying Zheng's first motion to reopen because she did not petition for review within 30 days of the entry of that order. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam) (explaining that the period for filing a petition for review is

4

mandatory and jurisdictional).  Accordingly, Zheng's petition is dismissed to the extent she challenges the BIA's October 14, 2009 decision.

In support of her motion for reconsideration, Zheng relied on the same arguments that she presented in support of her first motion to reopen—the underlying motion to be reconsidered.  Because merely reiterating the same arguments previously presented to the BIA does not specify an error of fact or law, the BIA did not abuse its discretion in denying Zheng's motion for reconsideration.  *See Calle*, 504 F.3d at 1329.

Likewise, the BIA did not abuse its discretion in denying Zheng's second motion to reopen.  The evidence she presented, though suggesting changes in Chinese policy *abroad*, did not represent a material change in conditions *within* China.  *See* 8 C.F.R. § 1003.2(c)(3)(ii) (stating an exemption to the 90-day time limitation where the movant presents evidence of "changed circumstances *arising in* the country of nationality or in the country to which deportation has been ordered . . . .") (emphasis added).  Instead, this evidence merely illustrates a continuation of China's more than decade-long crackdown on Falun Gong.  Consequently, the BIA did not abuse its discretion in finding Zheng failed to present material evidence of changed country conditions and in denying the motion as untimely.

5

Accordingly, Zheng's petition is **DISMISSED IN PART, DENIED IN PART.**